IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                     CASE NO.: 1:10cr27-SPM/GRJ

WILLY PAUL EDOUARD,

        Defendants.
_____/

## ORDER DENYING MOTION FOR SEVERANCE

This cause comes before the Court on Defendant Edouard's Motion for Severance (doc. 100) (which was joined by Defendant Ceneus) and responses to the Government's opposition (doc. 106 and doc. 109). The Government has filed a response (doc. 105) with supplement (doc. 107).

Willy Paul Edouard argues for a severance of trial from co-defendant, Cabioch Bontemps, who is charged in the same indictment. He states that the Superseding Indictment includes substantive crimes to which he was not party. More specifically, Defendant Edouard states that Count I includes overt acts of "coercive sex" and Count XIV alleges witness tampering, both allegedly committed only by Defendant Bontemps. Defendant Edouard argues that the "spill-over" effect of evidence pertaining to these two allegations would be highly

prejudicial and would inflame and confuse the jury beyond any potential curative instruction given by the Court.

Fed. R. Crim. P. 8(b) permits the joinder of Defendants in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Supreme Court indicates that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," Zafiro v. United States, 506 U.S. 534, 537 (1993) and the Eleventh Circuit has indicated that generally, defendants jointly indicted should be tried together, particularly in conspiracy cases, United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991). Nevertheless, Fed. R. Crim P. 14(a) permits a severance of the Defendants for trial if their joinder "appears to prejudice a defendant." In making this determination, the court must balance the defendant's right to a fair trial against the public's interest in efficient and economic administration of justice. United States v. Zielie, 734 F.2d 1447, 1463 (11th Cir. 1984) *abrogated on other grounds by* United States v. Chestang, 849 F.2d 528 (11th Cir. 1988). "Severance will be granted only if a defendant can demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." Id. The 11th Circuit recognizes four grounds under which a severance is appropriate pursuant to Rule 14:

    1.    Where the Defendants rely upon mutually antagonistic defenses.

2. Where one Defendant would exculpate the moving Defendant in a separate trial, but will not testify in a joint setting.

3. Where inculpatory evidence will be admitted against one Defendant that is not admissible against the other.

4. Where a cumulative and prejudicial "spill over" effect may prevent the jury from sifting through the evidence to make an individualized determination as to each Defendant.

United States v. Chavez, et al., 584 F.3d 1354, 1360-61 (11th Cir. 2009). Defendant Edouard suggests that the fourth ground applies in this case. Edouard contends that the witness tampering allegation and the coercive sex allegations lodged against Bontemps will have a prejudicial "spill over" effect on the jury, and therefore, his case should be severed from Bontemps. However, "the remedy of severance is justified only if the prejudice flowing from a joint trial is clearly beyond the curative powers of a cautionary instruction." United States v. Alvarez, 755 F.2d 830, 854 (11th Cir. 1985).

### *Witness Tampering*

Defendant Edouard notes that only Bontemps was charged with witness tampering. However, there is nothing improper about joint trials although not all defendants have been charged on each count. *See* Zielie, 734 F.2d at 1463 (joinder of defendants is proper even where "an indictment charges multiple defendants with participation in a single conspiracy and also charges some but

not all of the defendants with substantive counts arising out of the conspiracy.")
Edouard further argues that witness tampering is viewed as evidence of a
defendant's consciousness of guilt, therefore evidence on this charge will have a
prejudicial spill over effect. Any such prejudicial spill over effect is unlikely. The
applicable test is whether it is "within the capacity of the jurors to follow the
court's limiting instructions and appraise the independent evidence against each
defendant solely upon that defendant's own acts, statements, and conduct".
Cross, 928 F.2d at 1027. This Court is capable of providing an instruction to the
jury that evidence on the witness tampering allegation is applicable only to
Bontemps. There is nothing about this case to suggest that it is so complex or
complicated that a jury could not understand and adhere to any such instruction.[1]

---

[1] Edouard presents arguments regarding the Pinkerton rule, asserts that Edouard was a minor actor, and Bontemps' conduct was not reasonably foreseeable therefore rendering severance necessary. The case cited by Edouard indicates that "[u]nder *Pinkerton*, each member of a conspiracy is criminally liable for any crime committed by a coconspirator during the course and in furtherance of the conspiracy, unless the crime did not fall within the scope of the unlawful project, or was merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement." Alvarez, 755 F.2d at 847. Edouard further states that reasonably foreseeable, but originally unintended substantive crimes are included in the *Pinkerton* rule, but this is limited to conspirators who played more than a minor role in the conspiracy. Edouard has not been charged with witness tampering so there is no attempt to hold him liable for this conduct, allegedly engaged in only by Bontemps. Nor does Edouard, or any of the co-defendants, have any coercive sex charges pending against them. Those allegations are only included in the indictment as evidence of an overt act by Bontemps in furtherance of the scheme. This Court does not believe that the Pinkerton rule, and therefore any arguments of Edouard being a minor actor or Bontemps' conduct not being reasonably foreseeable, is applicable to this case. However, the Court does note that it seems reasonably foreseeable that a party to an illegal scheme may tamper with

### *Coercive Sex*

Edouard also argues that the allegations against Bontemps of coerced sex with one of the alleged victims and the prejudicial effect of evidence on this subject requires severance. Neither this case nor the allegations of sexual coercion are so complex that a jury would not understand that Bontemps is the only co-defendant who allegedly engaged in this conduct. To the extent that there is potential prejudice, a curative instruction to the jury can be given. Jurors are presumed to follow the Court's instructions. United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005). This case is not overly complicated and allegations concerning coercive sex is sufficiently distinct that it should be simple for a jury to compartmentalize such evidence.

Edouard further argues that having more than one reason for severance bolsters the need to sever. Simply because Defendant has set forth more than one argument as to why he thinks his case should be severed, does not mean that severance is necessary. It merely means that Defendant found more than one rationale that *he* thought was sufficient for granting a motion to sever.

Edouard acknowledges that it is an extraordinary remedy to grant a severance in this situation, but still argues that this case necessitates a severance. However, Edouard has not sufficiently demonstrated and the Court has not found any potential prejudice that may result from joinder of the co-

---

a witness to prevent them from testifying to any criminal conduct.

defendants in this action that cannot be remedied by a curative instruction to the jury. Accordingly, the motion to sever is denied.

IT IS ORDERED AND ADJUDGED:

1. The Motion for Severance filed by Willy Paul Edouard (doc. 100) and adopted by Carline Ceneus is denied.

DONE AND ORDERED this 2nd day of September, 2011.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge