**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                              1:10-CR-27-SPM/GRJ

CARLINE CENEUS, et al.,

    Defendants.

_____/

## **ORDER**

This cause is before the Court on the following motions filed by Defendant Edouard: (1) Motion for Production of Grand Jury Transcripts in This Case (doc. 119); (2) Motion for Production of Grand Jury, Trial and Pre-Trial Transcripts in United States v. Sou (doc. 120); and (3) Motion for Production of Transcripts of All Grand Jury Proceedings From Any and All Cases in Which Susan French Has Been a Member of the Prosecution Team When the Indictment Charged a Crime Under U.S.C. §1589 (doc 134)[1]. The Government filed an Omnibus Response to Defendant's Motions for Production of Grand Jury Transcripts (doc.

---

[1] All three of these motions were adopted by Defendant Cabioch Bontemps, while only the motions at docs. 119 and 120 were adopted by Defendant Carline Ceneus.

153) and Defendant Edouard filed a reply to the omnibus response (doc. 160).[2] The Court heard oral arguments on these motions on November 14, 2011.

## Discussion

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), grand jury materials may be disclosed "preliminarily to or in connection with a judicial proceeding." Rule 6(e)(3)(E)(ii) allows disclosure, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Parties seeking disclosure of grand jury materials must show a "particularized need" for that material. Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). To demonstrate particularized need, the requesting parties must show: "(1) that the material they seek is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that their request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222. Unsubstantiated allegations of grand jury manipulation do not satisfy the particularized need standard. United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985).

"It has long been a policy of the law that grand jury proceedings be kept secret." Aisenberg, 358 F.3d at 1346. Even when a party has established that he has a particularized need for the materials in order to avoid injustice and this

---

[2] This reply was adopted by Defendant Cabioch Bontemps.

need outweighs the need for secrecy, "access is limited and covers only those materials actually needed." Aisenberg, 358 F.3d at 1349. Therefore, a "blanket request for *all* . . . grand jury materials . . . cannot be described as the kind of particularized request required for the production of otherwise secret information." Id. Nor is particularized need shown "by a general allegation that grand jury materials are necessary for the preparation of a motion to dismiss." United States v. Burke, 856 F.2d 1492, 1496 (11th Cir. 1988). The district court has "substantial discretion" in determining whether the requested materials should be released. Id.

Defendants have requested the production of all grand jury materials in the above-referenced matter (doc. 119). Defendants believe Susan French, the prosecutor formerly assigned to this case, made misleading statements that partially led to the grand jury's indictment. The Government has agreed to produce the transcripts of witness testimony from the grand jury proceedings in this case subject to a protective order limiting the use of those transcripts. Defendants have expressed no objection to this arrangement. Accordingly, the Court will enter the protective order as drafted by the Government. Upon entry of the protective order, the Government shall immediately produce to Defendants the transcripts of the witness statements from the grand jury proceedings.

While the Government has compromised on the witness statements, it opposes the request for non-testimonial portions of the grand jury proceeding.

The Government argues that those materials would not otherwise be discoverable and that the Defendants have failed to make a showing of particularized need for those transcripts.  Defendants, on the other hand, argue that not only did Ms. French make inappropriate comments about recruitment fees in a similar case, but the language of the indictment in this case suggests that she improperly instructed the grand jury.  Therefore, Defendants argue that they need evidence of these statements to support a motion to dismiss.

The Court is not convinced that Defendants have made the requisite showing of particularized need and believes that the best way to proceed is for the Court to review the non-testimonial portions of the grand jury proceedings *in camera*.  Upon review of those materials, the Court will determine whether the materials need to be produced to Defendants.  Accordingly, the Government is hereby directed to provide the Court with the non-testimonial portions of the grand jury proceedings by November 23, 2011.  The Court reserves ruling on this issue until such time as the Court has performed the *in camera* review.

Defendants have also requested all grand jury, trial, and pre-trial hearing transcripts from the case of United States v. Sou (doc. 120) and all grand jury transcripts from all cases in which Susan French was a prosecution team member and the indictment charged a crime under 18 U.S.C. § 1589 (doc. 134).  Both of these motions are denied.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion for Production of the Grand Jury Proceedings in this case (doc. 119) is **granted in part**. The Government shall immediately produce the transcripts of witness testimony from the grand jury, subject to a protective order entered by the Court. With respect to non-testimonial portions of the grand jury proceeding, the Court reserves ruling until such time as the Court has performed an *in camera* review of these materials. The Government shall provide those materials to the Court no later than November 23, 2011.

2. The Motion for Production of All Grand Jury, Trial, and Pre-Trial Hearing Transcripts From the Case of United States v. Sou (doc. 120) is **denied**.

3. The Motion for Production of Transcripts of All Grand Jury Proceedings From Any and All Cases in Which Susan French Has Been a Member of the Prosecution Team When the Indictment Charged a Crime Under 18 USC 1589 (doc. 134) is **denied**.

**DONE AND ORDERED** this 15th day of November, 2011.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge